# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-14 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY GENTRY | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Petitioner Timothy Gentry ("Gentry") filed a "Motion for Writ of Coram Nobis" (Record Document 905) arguing the Court lacked jurisdiction to provide over his action because 18 U.S.C. § 3231 (also known as HR 3190, Public Law 80-772) was never constitutionally enacted. See Record Document 905 at 5. For the reasons which follow, Gentry's Motion is **DENIED**.

The Court finds Gentry's claim is without merit. See Liner v. Doe, 2011 WL 3648476, at *1 (S.D. Miss. 2011), citing United States v. Risquet, 426 F.Supp.2d 310 (E.D. Pa. 2006) (stating that President Truman signed Section 3231 into law on June 25, 1948, after the 1948 amendment to Section 3231 passed both houses of Congress, and that the amendment and statute were "properly enacted and ... binding"); United States v. Potts, 2007 WL 3036847 (3rd Cir. 2007) (finding that Public Law 80–772 was "properly enacted and is binding"); Lister v. United States, 2006 WL 3751324 (N.D. Tex. 2006) (finding that "the law was properly enacted"); Delreth v. United States, 2006 WL 1804618, at *4 (S.D. Tex. 2006) (noting that "even if 18 U.S.C. § 3231 was flawed, legislation that pre-dated section 3231 would have operated to give the Court jurisdiction over federal crimes").

1

Additionally, this Court finds that this similar argument has already been rejected by other courts. See Cardenas–Celestino v. United States, 552 F.Supp.2d 962, 966 (W.D. Mo. 2008) (holding that "Public Law 80–772 was passed by both houses before a *sine die* recess was called and, therefore, was properly enacted"), citing United States v. McCuiston, 2007 WL 2688502 (S.D. Tex. 2007); United States v. Wolford, 2009 WL 1346034 (W.D. Penn. 2009) (finding that the "Petition to Dismiss Indictment Want of Jurisdiction, Challenge of Constitutional of a Statute 18 U.S.C. 3231–Certification Intervention" was frivolous); United States v. Siegleman, 2007 WL 1284276 (M.D. Ala. 2007) (providing that "even the briefest of forays into the electronic databases available for legal research yields a long list of judicial opinions that have considered and rejected" this claim that "18 U.S.C. § 3231, the statute which gives the district courts of the United States original jurisdiction over all offenses against the laws of the United States, was not properly enacted") (collecting cases); United States v. Martinez, 2006 WL 1293261, (S.D. Tex. 2006) (finding that Public Law 80–772 was properly enacted into law). Consequently, Gentry's claim that 18 U.S.C. §3231 was not enacted properly is clearly frivolous and his "Motion for Writ of Coram Nobis" (Record Document 905) is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 7th day of February, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT