**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-14 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY GENTRY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Petitioner Timothy Gentry's ("Gentry") "Motion for Copy of Grand Jury Proceedings" (Record Document 928). For the reasons set forth below, Gentry's motion is **DENIED**.

In the instant motion, Gentry asks the Court to order the United States Attorney's Office to produce the following documents from the grand jury proceeding: transcripts, selection forms, minutes, a list of who testified before the grand jury, and a true bill signed by the grand jury foreperson. See Record Document 928 at 1. Gentry argues he is entitled to an "open return" of the grand jury proceedings, citing Federal Rule of Criminal Procedure 6. See id.

Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits the court to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter ... at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." But grand jury proceedings are presumptively secret. See Fed. R. Crim. P. 6(e); see also Douglas Oil Co. v. Petrol Stops Nw., 441 U.S. 211, 218, 99 S.Ct. 1667 (1979) ("We consistently have recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."); Dennis v. United States, 384 U.S.

855, 869, 86 S.Ct. 1840 (1966) (noting the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts"). Accordingly, in view of these well-established presumptions, the party seeking disclosure must show that a "particularized need" exists for the record. Douglas Oil, 441 U.S. at 223; United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993); Izen v. Catalina, 256 F.3d 324, 329-30 (5th Cir. 2001) (district court "may properly order release of grand jury materials where a party demonstrates with particularity a 'compelling necessity' for the materials"). Even when disclosure is permitted, it must be done "discretely and limitedly." Dennis, 384 U.S. at 869, citing United States v. Proctor & Gamble Co., 356 U.S. 677, 683, 78 S.Ct. 983 (1958).

To meet the burden of demonstrating a particularized need, a defendant must show that (1) the material he seeks is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) his request is structured to cover only material so needed. See Miramontez, 995 F.2d at 59, citing Douglas Oil, 441 U.S. at 221-22. Here, Gentry has provided no specific reasons as to why copies of the requested grand jury documents are required. Thus, he has failed to meet his burden of demonstrating a "particularized need." Accordingly, the Court finds Gentry's "Motion for Copy of Grand Jury Proceedings" (Record Document 928) is without merit and hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of May, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT