**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-14 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY GENTRY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is Petitioner Timothy Gentry's ("Gentry") miscellaneous letter motion (Record Document 945). The letter motion makes various requests however it appears Gentry is attempting to file a habeas corpus proceeding under 28 U.S.C. § 2241 or § 2255. The Court will explain the function of both motions below. For the following reasons, Gentry's motion is **DENIED**.

### A. Post-Conviction Relief: 28 U.S.C. §§ 2241 and 2255

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). A Section 2241 petition challenges the manner in which a sentence is executed and must be filed in the same district where the prisoner is incarcerated. See Harris v. Holder, 483 F. App'x 906, 907 (5th Cir. 2012). A Section 2255 petition, by contrast, "provides the primary means of collateral attack on a federal sentence," and must be filed in the district of the sentencing court. Cox v. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Relief is warranted for a § 2255 petition "for errors cognizable on collateral review that occurred at or prior to sentencing." Pack, 218 F.3d at 451 (internal quotations and citations omitted).

After review of Gentry's requests, it appears Gentry is seeking guidance as to the appropriate post-conviction relief. Therefore, the Court directs the Clerk to send a § 2255 form to Mr. Gentry. To the extent Mr. Gentry seeks to file a § 2241 petition, Gentry is directed to the district court where he is incarcerated.

**B. All Other Requests**

As to Gentry's other miscellaneous requests for documents, the Court will not reach the merits of these requests as Gentry has not sought the proper post-conviction relief. Therefore, the Court **DENIES** all of Gentry's remaining requests without prejudice. The requests may be re-urged after filing the appropriate form of post-conviction relief.

**IT IS SO ORDERED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 15th day of November, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT