UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 10-00319-14 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TIMOTHY GENTRY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion for Compassionate Release filed by Defendant Timothy Gentry ("Gentry").  See Record Document 988.  Gentry's *pro se* motion was filed on July 6, 2020 and also included a request for appointment of counsel.  See id.  The Federal Public Defender's Office notified the Court on July 9, 2020 that its office would not be enrolling on behalf of Gentry.  Appointment of counsel is not required in this instance under the Criminal Justice Act.  See U.S. v. Whitebird, 55 F.3d 1007 (5th Cir. 1995).  The Court has also reviewed the record and declines to use its discretionary power to appoint counsel in this matter.  Therefore, Gentry's request for appointment of counsel is **denied**.

The Court will now move to Gentry's request for compassionate release.  The Government opposes such motion.  See Record Document 990.  Gentry is serving a 300 month term of imprisonment for engaging in a child exploitation enterprise, in violation of 18 U.S.C. §§ 2252A(g), followed by a lifetime of supervised release.  See Record Document 429.  He was sentenced for such offense on May 10, 2011.  See Record Document 427.  He is presently serving his sentence at the FCI Petersburg Medium in Hopewell, Virginia.  In his motion, Gentry seeks compassionate release due to the COVID-19 pandemic, stating he "should not have to continue [his] punishment in forfeit

of [his] life." Record Document 988 at 3. He maintains that he cannot practice social distancing or isolate himself. See id. He believes being incarcerated during the pandemic is a "death sentence." Id.

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1)   upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

(2)   "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

(3)   where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Gentry moves to modify his sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018 only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3852(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule. See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory."). It permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The statute sets forth no exceptions to this mandatory statutory exhaustion requirement. Recently, the Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP." Franco, 2020 WL 5249369 at *3.

Here, Gentry concedes he has not exhausted his administrative remedies within the BOP and specifically asks that the exhaustion requirements be waived. See Record Document 988 at 5. The Court is well aware of the effects of the COVID-19 pandemic and the risk at all BOP facilities. Yet, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse Gentry's failure to exhaust his administrative remedies or to waive the 30-day waiting period. See Franco, 2020 WL 5249369.

Accordingly, the Court does not have authority at this time to grant the relief Gentry requests.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Gentry's *pro se* Motion for Compassionate Release (Record Document 988) be and is hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his administrative remedies as required by the statute. Gentry may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).[1]

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 24th day of September, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Gentry has also filed a motion alleging denial of access to the court. See Record Document 992. Gentry asks the Court to intercede on the matter because he alleges the BOP has restricted his access to legal copies and legal resources. Such motion is **denied without prejudice**, as Gentry must file a separate civil action if he is alleging violation of constitutional rights to access the courts.